[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2005
THOMAS K. KAHN
CLERK

No. 05-11025
Non-Argument Calendar

_____

D.C. Docket No. 04-00476-CV-CG-M

CLARENCE ABNER,
JANICE ABNER,

Plaintiffs-Appellants,

versus

MOBILE INFIRMARY HOSPITAL,
BRIAN ARCEMENT, M.D.,  et. al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 31, 2005)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Clarence and Janice Abner, proceeding pro se, appeal the district court's

dismissal of their complaint, which alleged violations of the Medicare Statute, 42

C.F.R. § 35.15,[1] and Ala. Code § 22-8-1,[2] without first granting them leave to amend pursuant to Fed. R. Civ. P. 15(a). The Abners' complaint sought "compensatory and general damages" for alleged "physical injury caused by misdiagnosis and wrongful suffering" of Lillian Abner. The Abners are the husband and daughter of decedent Lillian Abner. The district court dismissed their complaint for lack of subject-matter jurisdiction and for lack of standing to bring suit under Alabama law. The district court reasoned that because the Abners were not seeking benefits, but were rather seeking compensatory and general damages for what amounted to state tort claims, their claims were not governed by the Medicare Act. The district court further held that even if federal question jurisdiction existed, the complaint was not brought by the proper parties because Alabama's wrongful death statute provides that only the personal representative of the decedent may sue for wrongful death. Hatas v. Partin, 175 So.2d 759, 760-61 (Ala. 1965).

On appeal, the Abners seem to concede that their original complaint was defective. Insofar as the Abners do not concede this point, we conclude that the

---

[1]    42 C.F.R. § 35.15 requires that consent be obtained before performing a major operative procedure or before administering general anesthetics.

[2]    Ala. Code § 22-8-1 governs procedures to follow in situations in which a patient is physically or mentally unable to consent to medical or mental health services.

2

district court correctly held that federal question jurisdiction did not exist in this case. The Medicare Act does not create a private right of action for negligence, and we know of no federal statute that would support these particular claims, which seem to be state tort claims. See 42 C.F.R. § 1003.100 et seq.[3] Thus, the district court properly found that jurisdiction did not exist in this case.[4]

The Abners further argue that the district court abused its discretion by dismissing their complaint without first granting them leave to amend to add a claim alleging violations of their constitutional "right to choose based on disclosure," allegedly found in the First, Ninth, and Fourteenth Amendments. The Abners argue that granting them leave to amend to add this claim would have cured their complaint's jurisdictional defects.

We review the denial of a party's motion for leave to amend a complaint under an abuse of discretion standard. Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1300 (11th Cir.), cert. denied, 124 S.Ct. 2094 (2004).

---

[3] Diversity jurisdiction is similarly inapplicable because all parties are located in Alabama.

[4] The Abners' claims that the doctrine of Res Ipsa Loquitur and the Rooker-Feldman doctrine confer jurisdiction are wholly without merit.

Under Fed.R.Civ.P. 15(a), leave to amend "shall be freely given when justice so requires." This rule "severely restricts" a district court's discretion to dismiss a complaint without first granting leave to amend. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Nonetheless, a district court may do so when such an amendment would be futile. Id. "This Court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (citation omitted).

Here the district court evaluated the Abners' proffered bases for amending their complaint, concluded that any such amendment would be futile, and dismissed their complaint without formally accepting or permitting them to amend their complaint. In doing so, the district court addressed the Abners' alleged constitutional violations and found them to be without merit because defendants are private individuals or entities, and the Constitution only protects against injuries caused by state actors. Jeffries v. Ga. Residential Fin. Auth., 678 F.2d 919, 922 (11th Cir. 1982) (citing the "well settled" rule that the Fourteenth Amendment's due process clause reaches only government action and not actions by purely private persons in their ordinary activities).

On appeal, the Abners provide no support that we, or any other court, have recognized a constitutional "right to choose based on disclosure." The Abners also have failed to provide any support as to why such a right, even assuming it exists, would apply to private parties, nor have they alleged any form of state action by defendants in this case. Absent such a showing, the Abners' proposed constitutional claim would be subject to dismissal as a matter of law.

Upon careful review of the record, and consideration of the Abners' complaint and brief, we find no reversible error. Because the Abners' proposed constitutional claim would be subject to dismissal as a matter of law, the district court did not abuse its discretion in finding that such an amendment would be futile. Accordingly, we affirm the district court's order dismissing the Abners' complaint without first granting them leave to amend pursuant to Fed.R.Civ.P. 15(a).

**AFFIRMED**.